## Bullick et vir, Appellants, *v.* Scranton.

*James Scanlon, Jr.,* for appellants.

*David J. Reedy, Jr.,* for appellee.

OPINION PER CURIAM, April 4, 1973:
Judgment affirmed.

———

DISSENTING OPINION BY HOFFMAN, J.:

The question in this appeal is whether the lower court erred in granting a judgment non obstante veredicto on the ground that the appellants had not proven actionable negligence with sufficient evidence to support the jury's verdict.

The wife-appellant was injured on May 12, 1968, at about 12:30 p.m., when she fell in the two hundred block of South Fillmore Avenue in the City of Scranton. Appellant had come to attend a Mother's Day breakfast at the St. Peter & Paul Russian Orthodox Church, which is located at the southeast corner of Academy Street and South Fillmore Avenue. Appellant attempted to enter the church, but found the front door to be locked. She then proceeded to the rear entrance by way of Fillmore Avenue. There was no sidewalk upon which to walk. Since it had recently rained and appellant believed the grass to be slippery, she walked on the street instead of inside a line of parked cars on Fillmore Avenue. As appellant was walking along the street, she constantly turned her head to the right and the left to observe the approach of oncoming traffic. While in the process of making these precautionary observations, she failed to notice a hole in the road and fell as her foot hit the depression. The hole was described as being 3 feet long, 1 inch wide, and ½ inch in depth.

Suit was instituted against the City of Scranton, and at the conclusion of the case, the jury returned a verdict in favor of the wife-appellant for $1,000.00 and for the husband-appellant for $2,000.00. Appellee filed a timely motion for judgment n.o.v. and after argument before the court en banc, the lower court granted appel-

lee's motion holding that ". . . the defect in the case here presented is not of the magnitude or shape constituting more than a break in the surface of the street paving . . .", and therefore was not sufficient evidence of actionable negligence. This appeal followed.

In Pennsylvania, what constitutes a defect sufficient to render a city liable for a fall in its street must be determined by examining many relevant factors, and except where the defect is obviously trivial, that question must be submitted to the jury. *Aloia v. City of Washington*, 361 Pa. 620, 65 A. 2d 685 (1949). As this Court expressed it, "[t]he extent of irregularity which may be present in a street without convicting a municipality of negligence in its maintenance varies with other circumstances such as amount of travel, actual location of the rise or depression, character of material with which the pavement is constructed, nature of the irregularity and other circumstances." *Kuntz v. Pittsburgh*, 123 Pa. Superior Ct. 394, 399-400, 187 A. 287 (1936).

From a review of the record, there appears to be that quantum of evidence and coexistence of circumstances to remove it from that vague group of cases wherein our courts have held the defect to be "obviously trivial". See *Bosack v. Pittsburgh Rwys. Co.*, 410 Pa. 558, 189 A. 2d 877 (1963); *Koch v. White Haven Borough*, 360 Pa. 627, 63 A. 2d 1 (1949); *Harrison v. Pittsburgh*, 353 Pa. 22, 44 A. 2d 273 (1945); *Foster v. West View Borough*, 328 Pa. 368, 195 A. 82 (1937).

In the instant case, the concomitance of the lack of a sidewalk, the nature of the traffic coming around the bend from another street, the existence of parked cars alongside the curb of a church, and the dimensions of the hole, would create on the day in question the particular condition which our courts have referred to as the "shadow zone" where such questions must be submitted to the jury. As Justice MUSMANNO said in

*O'Toole v. Dunmore Borough,* 404 Pa. 479, 485, 172 A. 2d 818 (1961), "it is said that the reasonable care which the law exacts of all persons, in whatever they do involving the risk of injury, requires travelers on the footways of public streets to look where they are going. This is imperative; but, . . . this does not necessarily imply that the pedestrian must keep his eyes constantly and at every moment upon the pavement. . . . Whether or not the plaintiff knew or ought to have known beforehand of the existence of the hole, and, if not, whether the conditions were such that ordinary prudence required her to look down to the pavement at her feet, and if she had done so, whether she would have seen the dangerous condition, were questions for the jury."

Appellee contends that even if the condition of the street imposes actionable negligence upon it, appellant should be precluded relief by reason of her contributory negligence. It cites in support of this proposition the fact that appellant admitted knowing of broken roadway in the vicinity of the fall prior to the date of the accident and that she testified at trial that the defect was visible but that the only reason she did not see it was because she was looking for traffic. While I am familiar with case law holding that "[o]ne who, in broad daylight, walks into an obvious defect in a sidewalk is presumptively negligent and the burden is upon that person to show conditions outside of himself which prevented his seeing the defect, or which would excuse failure to observe it. . . ." [*Knapp v. Bradford City,* 432 Pa. 172, 174, 247 A. 2d 575 (1968) ; *McDonald v. Mars Borough,* 371 Pa. 625, 92 A. 2d 199 (1952)], I believe that appellant produced sufficient evidence of the physical circumstances combining to distract and excuse her failure to observe the defect. In any case, that determination should properly have been left to the jury and not the trial court. In *O'Toole v. Dunmore Bor-*

*ough,* supra, our Supreme Court reaffirmed this belief, saying: "And then, even if the plaintiff had been aware of the defective condition of the roadway at the telltale intersection, this in itself, would not make him guilty of contributory negligence *as a matter of law."*

For the above stated reasons, I dissent from the conclusion of the majority and would reverse the judgment for defendant non obstante veredicto and reinstate the jury verdict.

SPAULDING, J., joins in this dissenting opinion.