504 A.2d 1321

**Rita BURNS and Joseph Burns**

v.

**CITY OF PHILADELPHIA, Appellant.**

Superior Court of Pennsylvania.

Argued March 6, 1985.

Filed Feb. 18, 1986.

616

Michael Tolcott, Philadelphia, for appellant.

Peter C. Gardner, Philadelphia, for appellees.

Before ROWLEY, WATKINS and GEISZ, JJ.*

## OPINION OF THE COURT

ROWLEY, Judge:

Appellee, Rita Burns, was injured when she stepped into a "tree well" located on a walkway at Veteran's Stadium in the City of Philadelphia. Mrs. Burns and her husband filed an action in trespass against the City to recover damages for her injuries. The trial judge, sitting without a jury, found the City negligent. In order for the tree well to be able to retain a sufficient amount of water for the tree, the surface level of the soil in the well was kept several inches below that of the surrounding walkway. Specifically, the court concluded that the well constituted a danger to person's traveling on the walkway, and was the proximate cause of the injuries sustained by Mrs. Burns.[1] The City of Philadelphia appeals from the judgment entered on the verdict in favor of plaintiffs-appellees, Rita and Joseph Burns.

By a per curiam order of this Court, the judgment was affirmed because the original record certified on appeal did not include appellant's exceptions to the trial court's decision, and the docket entries showed that appellant's exceptions were filed eleven days late. Appellant filed an application for reconsideration or reargument asserting that it had timely filed its exceptions with the "post-trial motions clerk" of the Philadelphia Court of Common Pleas pursuant

---

* Judge John A. Geisz, Senior Judge of the Court of Common Pleas of Philadelphia County, Pennsylvania, is sitting by designation.

1. In arriving at its decision, the trial court did not make specific findings of fact; these references are taken from the opinion filed subsequently.

to Philadelphia Civil Rule 240, and the timely filing of its exceptions was noted on the docket maintained by the post-trial motions clerk. However, no such exceptions and docket entries, as indicated, were transmitted to the Superior Court with the original record when the appeal was filed. Reargument was denied, but reconsideration was granted, and the per curiam order and accompanying memorandum affirming the judgment were withdrawn. Both parties were directed to file briefs addressing the issue of the practice and procedure under Philadelphia Civil Rule 240 as well as its relationship to the Pennsylvania Rules of Civil and Appellate Procedure.[2]

## I.

Philadelphia Civil Rule 240(C) provides:

(C) Filing Procedure

(1) All exceptions and post-trial motions shall be filed in triplicate with the Post-Trial Motion Clerk and shall contain the telephone numbers of all counsel involved in the trial of the case. In addition, said motions and exceptions shall contain a Certification of Service on all counsel named therein, and, if desired, should be accompanied by a written request for argument of the exceptions or motions before a court en banc. Any request by opposing counsel for argument before a court en banc shall be filed in writing within five (5) days of the service of the exceptions or motions.

(2) Under the direction of the Court Administrator, the Post-Trial Motion Clerk shall maintain an Individual Court Docket for each Judge of the Common Pleas Court.

The Post-Trial Motion Clerk shall docket exceptions and post-trial motions in the Individual Docket of the Trial Judge and in the General Appearance Docket and forward copies of same to the Trial Judge and to the court

---

**2.** Despite these specific instructions regarding the subject of the briefs, neither party addressed the issue of whether Philadelphia Civil Rule 240 conflicts with the Supreme Court Rules. The briefs are addressed solely to the practice with regard to Rule 240 and appellant's compliance with it.

stenographer who was assigned to the trial of the case. The Trial Judge shall, upon receipt of the exceptions or motions, indicate to the Post-Trial Motion Clerk whether or not he desires the exceptions or motions to be heard by a court en banc by entering an order indicating such. The Post-Trial Motion Clerk will promptly forward a copy of the order to all interested counsel.

42 Pa.C.S. § 2702 provides where documents are to be filed as follows:

> Where jurisdiction of any matter is by law vested in a court of common pleas or in the Philadelphia Municipal Court, all applications for relief or other documents relating to the matter shall be filed in or transferred to the office of the clerk of the court of common pleas and handled by the appropriate office specified by or pursuant to this chapter.

42 Pa.C.S. § 2736 states:

> *All* matters or documents required or authorized to be filed in the office of the clerk of the court of common pleas shall be filed in the office of the prothonotary.... (Emphasis added.)

Pa.R.A.P. 1921 describes the composition of the record on appeal and states:

> The original papers and exhibits filed in the lower court, the transcript of proceedings, if any, and a certified copy of the docket entries prepared by the clerk of the lower court shall constitute the record on appeal in all cases.

There is no *apparent* inconsistency among Philadelphia Civil Rule 240, Pa.R.A.P. 1921 and 42 Pa.C.S. §§ 2702 and 2736. Philadelphia County Court of Common Pleas has the authority to promulgate rules for the efficient administration of its courts provided they do not conflict with rules of procedure promulgated by the Pennsylvania Supreme Court. Presumably, it is administratively more convenient for Philadelphia to have all post-trial motions filed and docketed in one place which is separate from the place for filing and docketing of all other matters relating to a case.

Apparently, in Philadelphia, the post-trial motions clerk has an office separate from the Prothonotary, maintains separate files and keeps separate dockets and indexes. Thus, in Philadelphia, there are two (2) files for each case, maintained in separate offices with two (2) different dockets and indexes. Some documents and proceedings relative to a case are kept and recorded in one office (the Prothonotary), while other matters relative to the same case are kept in a separate office (the post-trial motions clerk). There is no single file, docket, index or office where all of the papers and proceedings relating to a case are kept and recorded.

In practice, with increasing frequency, when an original record is certified to this Court on appeal from Philadelphia, we have been furnished with an incomplete record. That is, the record from the Prothonotary's office which is certified does not include the documents and proceedings kept and recorded in the office of the post-trial motions clerk. Thus, although there is no apparent inconsistency between the local rule and the Supreme Court's rules, the fact is, that in practice, such an inconsistency exists.

42 Pa.C.S. § 2702 mandates that where the court of common pleas has jurisdiction of a matter, *all* documents relating to the matter shall be *either* filed in *or* transferred to the clerk of the court of common pleas. Thus, in Philadelphia, the post-trial motions can be filed separately with the post-trial motions clerk, but if jurisdiction of the matter to which they relate is vested in the court of common pleas, the documents *must* then be transferred to the clerk of the court of common pleas, i.e., the Prothonotary. Furthermore, the fact that the post-trial motions filed with the post-trial motions clerk are filed at the same term and number as the other documents relating to the same matter which are filed with the clerk of the court of common pleas, demonstrates that they constitute "original papers" which, pursuant to Pa.R.A.P. 1921, comprise the record on appeal and therefore must be transmitted to the Superior Court as part of the original record.

What occurred in the instant case is just one of many instances which demonstrate that in practice, the Philadelphia rule is inconsistent with the state rule. In this case, the exceptions were filed with the post-trial motions clerk on February 16, 1983 and docketed therein pursuant to. Philadelphia Civil Rule 240. The exceptions were *not* transferred, in accordance with 42 Pa.C.S. § 2702, to the clerk of the court of common pleas which had jurisdiction of the matter (Prothonotary), and they were *not* transmitted to the Superior Court with the original record as required by Pa.R.A.P. 1921 even though they were original papers filed in the trial court. The filing of the exceptions was not noted in the docket of the prothonotary until March 2, 1983, well past the filing deadline. Because certified docket entries from only the prothonotary and not the post-trial motions clerk were included in the original record transmitted to the Superior Court, the Superior Court did not have the exceptions themselves nor a docket entry showing that. they had been timely filed.

■ This established practice under Philadelphia Civil Rule 240, does not comport with 42 Pa.C.S. §§ 2702 and 2736 and Pa.R.A.P. 1921, and results in both time-consuming and expensive appeals because the Superior Court does not receive all the documents and docket entries before reviewing the appeal. Consequently, after the Superior Court affirms the judgment or dismisses the appeal because no issues have been preserved or because the record is inadequate, the parties must petition for reconsideration and belatedly explain why the *entire* record was not transmitted originally. Only after the Superior Court receives the *whole* record can it address the merits of the appeal. The instant case is only one of many such situations where such a protracted course has been necessary for proper disposition of a case. We hold that adherence to this established practice under Philadelphia Civil Rule 240 is in violation of 42 Pa.C.S. §§ 2702 and 2736 and Pa.R.A.P. 1921.

We expect that the Philadelphia trial court will remedy the practice under rule 240 so that documents filed somewhere other than with the clerk of the court of common pleas will be transferred thereto in accordance with 42 Pa.C.S. § 2702, and so that when an appeal is taken from a judgment or order of the Philadelphia Court of Common Pleas, *all* matters which have been filed and which relate thereto, regardless of where they have been filed, shall be transmitted to the Superior Court as the original record in accordance with Pa.R.A.P. 1921. All appeals filed subsequent to the date of this opinion *must* include in the original record certified to this Court all documents filed in the trial court with regard to the matter in issue and a certified copy of all docket entries relating thereto regardless of the office in which they were filed and docketed. Because appellant followed the standard practice under Philadelphia Civil Rule 240, however, which only today are we holding to be violative of the Judicial Code and the Supreme Court Rules, we will not penalize it, but will consider the merits of the appeal.

## II.

Appellant raises four issues on appeal: 1) the trial court erred in not granting appellant's motion for compulsory non-suit; 2) no cause of action lies against a municipality for providing insufficient artificial lighting; 3) if the tree well was defective, it was a trivial defect and does not constitute negligence; and 4) plaintiff was contributorily negligent as a matter of law and her negligence was greater than that of appellant; therefore, she is barred from any recovery under the Comparative Negligence Act, 42 Pa.C.S. § 7102. The second of these four issues we need not address because, not having been raised in appellant's post-trial motions, it has been waived. *Central Pennsylvania Savings Association v. Carpenters of Pennsylvania, Inc.,* 502 Pa. 17, 463 A.2d 414 (1983). We will consider, therefore, only the remaining three (3) issues presented by appellant.

### A.

■ Appellant, in its first issue, contends that the trial court should have granted its *motion for compulsory nonsuit* for three reasons: 1) appellee presented no expert testimony regarding the design of the tree well; 2) as a matter of law, the design of the tree well was not defective; and 3) the condition of the tree well was forseeable. A compulsory nonsuit can be granted only at the close of plaintiff's case and before the defendant presents any evidence. If the defendant elects to proceed, the non-suit stage is over and the correctness of the court's ruling is moot. *F.W. Wise Gas Co., Inc. v. Beech Creek R.R. Co.*, 437 Pa. 389, 392, 263 A.2d 313, 315 (1970). Appellant elected to proceed and placed its entire case into evidence after appellees rested. Therefore, we do not rule on the correctness of the denial of the motion for compulsory non-suit as such. However, in considering appellant's argument on this issue it appears to be made in support of its motion for judgment n.o.v. We will, therefore, consider the argument.

A judgment n.o.v. should be entered only in a clear case, and any doubts should be resolved in favor of the verdict winner. *Atkins v. Urban Redevelopment Authority of Pittsburgh*, 489 Pa. 344, 414 A.2d 100 (1980). When the trial court, sitting without a jury, makes only general findings of liability, as here, and does not make specific findings of fact or conclusions of law, the trial court's decision must be viewed by the same standards and accorded the same deference as a general verdict returned by a jury. *Merion Spring Co. v. Muelles Hnos. Garcia Torres*, 315 Pa.Super. 469, 462 A.2d 686 (1983). Therefore, our review is limited to reviewing the evidence and assessing its weight to determine whether the trial court committed clear error or abused its discretion. *Id.*, 315 Pa.Superior Ct. at 480, 462 A.2d at 692.

■ Appellant argues, that in the absence of architectural expert testimony, the City could not be negligent for

the defective design of the tree well.[3]  Where the matter in dispute is so simple and the lack of skill or want of care is so obvious as to be within the range of ordinary experience of non-professional persons, expert testimony is not necessary to prove negligence.  *Chandler v. Cook*, 438 Pa. 447, 451 *, 265 A.2d 794, 796 * (1970).  In this case, lack of care in having a recessed tree well six feet square on a walkway could be determined by a person untrained in architectural design.  A trier of fact knowing the size, location, and depth of the tree wells could determine whether the wells were negligently designed.  Therefore, failure of appellee to present expert testimony did not preclude the court's finding of negligence and did not warrant the granting of judgment n.o.v.

■  Next, appellant argues: "It is clear as a matter of substantive law that a deliberately designed and properly maintained drop in level does not constitute a defect." (Brief of appellant, at 16.)  This is erroneous.  As authority for its assertion, appellant cites *Wecksler v. City of Philadelphia*, 178 Pa.Super. 496, 115 A.2d 898 (1955).  In *Wecksler*, the plaintiff fell when she stepped from the sidewalk into a driveway apron which was several inches lower than the sidewalk.  She did not see the difference in elevation because cars parked in the driveway forcing her to walk near the curb were obstructing the light from the streetlight.  Appellant sued on the theory that the city's practice of allowing vehicles to park on the sidewalk created the semi-dark condition which resulted in her not perceiving the change in elevation and falling.  Plaintiff did not contend that the change in elevation between the sidewalk and the

3.  Appellees argue that the theory of their case was not defective design but a dangerous condition.  Plaintiff's Complaint, ¶ 3, recites that the injuries were caused by the negligence of the city's workmen in the scope of their employment in maintaining the parking lot areas in a dangerous and defective condition.  The trial court's opinion recites that the "condition of the walkway constituted a danger...."  (Trial court opinion at 3.)  Whether the wells were the result of a design or if they were simply a condition existing as a result of the placement of trees in the walkways is immaterial because, in this case, negligence in either design or maintenance of a condition was so apparent as to be determinable by a lay person.

driveway apron was a physical defect. Judgment n.o.v. in favor of the defendant was entered because a city is not liable for negligence in the regulation of the use of its streets. There was no issue of whether the drop in level between the sidewalk and driveway constituted a defect as a matter of law. Because it is not true that as a matter of law a deliberately designed and maintained drop in level is not defective, the trial court did not err for refusing to grant judgment n.o.v. for this reason.

Appellant also argues that the existence of the tree well, which was recessed several inches, was foreseeable, and therefore, the city owed no duty to protect its invitees from the condition. *Carrender v. Fitterer,* 503 Pa. 178, 469 A.2d 120 (1983). We agree that landowners are not subject to liability for conditions that are obvious. However, considering the testimony of appellee that at the time she fell, it was nearly dark, raining, and the area was not well lighted, whether the existence of the tree well was obvious was a question of fact for the court to determine. Considering the evidence in the light most favorable to the verdict winner, we cannot conclude that the defect was clearly obvious and that the trial court should have granted judgment n.o.v. because appellant owed no duty to appellee.

### B.

In its third issue, appellant argues that if the tree well was defective, it was only a trivial defect from which there was no duty to protect appellee. *Bosack v. Pittsburgh Railways Co.,* 410 Pa. 558, 189 A.2d 877 (1963). In *Bosack,* the defect which the court held to be trivial was several cobblestones which had sunk one and one-half to two inches. Similarly, in *Bullick v. City of Scranton,* 224 Pa.Super. 173, 302 A.2d 849 (1973), the court found a hole in the street three feet long, one inch wide, and one-half inch deep to be trivial. Appellant contends that the tree well in the case before us is trivial too.

■ The facts in the instant case are not capable of comparison to *Bosack* and *Bullick*. The size of the defective or dangerous area is far larger than the defect in *Bosack* and *Bullick*, and the mere fact that the tree well in the instant case has a smooth, regular parameter does not render the recess of the tree well trivial. The trial court did not err in determining that the six foot square tree well recessed several inches in the middle of an area specifically constructed as a pedestrian thorofare was not a trivial defect.

### C.

Appellant's fourth and final argument is that the court erred in determining that appellee's contributory negligence was less than appellant's. Under the Comparative Negligence Act, 42 Pa.C.S. § 7102, where a plaintiff's negligence is greater than that of the defendant, plaintiff is entitled to no recovery. The standard for reviewing an apportionment of negligence was enunciated in *Thompson v. City of Philadelphia*, 320 Pa.Super. 124, 466 A.2d 1349 (1983). There, the appellant alleged that the trial court erred by granting a new trial on the issue of apportionment of negligence. The Superior Court agreed with appellant stating that when reviewing a jury's apportionment of negligence under the Comparative Negligence Act, the standard to be applied is not whether the court would have come to a different conclusion, but whether there are "evidentiary circumstances or incontrovertible facts of such weight as to convince the court that an injustice has been done." *Id.*, 320 Pa.Superior Ct. at 134, 466 A.2d at 1354 (citations omitted). Similarly, where the trial court is the trier of fact in a non-jury trial, its apportionment of negligence should be accorded the same deference as a jury's determination.

■ In the instant case, there is evidence of sufficient weight to support the court's determination that appellee was only one-third negligent. Although appellee admitted that she did not look at the ground after perceiving the tree before she fell, it had been raining so there was little

difference in color between the wet concrete and the dirt in the tree well. Appellee also testified that it was nearly dark when she fell, and the area was not well lighted. Thus, the court could conclude that although appellee was negligent in not looking where she was walking, her negligence was only one-third of the cause of the accident. The trial court did not cause an injustice by finding appellee only one-third negligent.

Judgment in favor of plaintiffs-appellees is affirmed.