**Rother JONES**

v.

**UNITED STATES of America.**

Civ. A. No. 94–5086.

United States District Court,
E.D. Pennsylvania.

June 21, 1995.

David C. Harrison, Philadelphia, PA, for plaintiff.

Susan Dein Bricklin, Asst. U.S. Atty., Dept. of Justice, Philadelphia, PA, for defendant.

## MEMORANDUM

JOYNER, District Judge.

Defendant, the United States of America, has requested a summary judgment in its favor in the litigation that Plaintiff, Rother Jones, has brought against it. In considering a motion for summary judgment, a court must consider whether the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue of material fact, and whether the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c). The court must determine whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

In making this determination, all of the facts must be viewed in the light most favorable to the non-moving party and all reasonable inferences must be drawn in favor of the non-moving party. *Id.* at 256, 106 S.Ct. at 2514. Once the moving party has met the initial burden of demonstrating the absence of a genuine issue of material fact, the non-moving party must establish the existence of each element of its case. *J.F. Feeser, Inc. v. Serv-A-Portion, Inc.,* 909 F.2d 1524, 1531 (3d Cir.1990), *cert. denied,* 499 U.S. 921, 111 S.Ct. 1313, 113 L.Ed.2d 246 (1991) (*citing Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986)).

Plaintiff's Complaint makes the following allegations. In 1991, Plaintiff was a prisoner at the Lewisburg, Pennsylvania federal prison. At that time, he suffered from high blood pressure and had been prescribed appropriate medication. Prison authorities were aware or should have been aware of both his condition and his prescription. In October, 1991, Plaintiff was transferred from the federal prison in Lewisburg to the federal prison in McKean, Pennsylvania. Plaintiff did not receive his blood pressure medication the morning of the transfer, nor was he medicated upon his arrival at the McKean prison, although he did receive a medical examination. Discovery has revealed, and Plaintiff agrees, that Plaintiff's medication was withheld for slightly less than twelve hours before Plaintiff suffered a massive cardiovascular accident in the form of a cerebral hemorrhage. The Complaint further alleges that this cerebral hemorrhage was a result of Defendant's negligence in failing to provide him with adequate medication despite Defendant's knowledge of his need for it, Defendant's failure to act with due regard for Plaintiff's rights, and Defendant's deviation from the applicable standard of care.

Defendant has moved this Court for summary judgment on the ground that Plaintiff has not produced any expert testimony that establishes that the Defendant's actions were negligent. In support of its Motion, Defendant has produced three sets of evidence. The first set includes a series of letters from Plaintiff's attorney. The first letter confirms Plaintiff's expert, Dr. John B. Chawluk's, belief that "Mr. Jones' life expectancy has been reduced, as a result of his CVA, by five to ten years." This letter is countersigned by Dr. Chawluk. The second letter informs Defendant's attorney that Dr. Chawluk:

> is comfortable testifying to the following: Assuming that the medication had been withheld, as alleged, the lack of medication caused the blow-out when it did. In other words, had the medication not been withheld, the blow-out would not have occurred, although it might have occurred in the future, even if Mr. Jones stuck to a medication regime. However, when, and even if, that would occur, is not a matter that could be predicted. Therefore, at the very least, the lack of medication accelerated the stroke.

The first set of evidence also includes the actual expert report from Dr. Chawluk. This reads in pertinent part, "[w]ithin a reasonable degree of medical certainty, the withholding of [Plaintiff's] blood pressure medication and the subsequent rise in his systemic blood pressure played a substantial role in directly causing his brain hemorrhage."

The second set of evidence consists of the expert report of Defendant's expert, Dr. Eric C. Raps. In brief, Dr. Raps opined:

[f]ailure to administer a single dose of long-acting antihypertensive medication does not fall below the standard of acceptable medical care. Outpatients are routinely taken off one drug and placed on another for hypertension, often with a gap between when one is stopped and the other started. The cessation of Procardia XL, because the XL form is a long acting preparation, is especially safe and would not require careful patient monitoring.

The last set of evidence produced is one page from Plaintiff's deposition, wherein he testified that he was told he would receive his medication after he ate dinner the night of the transfer.

■ Defendant's brief in support of summary judgment dwells largely on the issue of medical malpractice. It cites to many cases that establish the standard of care a doctor must use. Def.'s Brief at 6–8. Plaintiff, however, asserts that this is not a medical malpractice case, but a straightforward negligence case. Plaintiff points out that the Complaint does not charge any doctor with acting negligently, but rather, that the prison authorities acted negligently. We assume for the purpose of this motion that this is a simple negligence case.[1]

In response to Defendant's Motion, Plaintiff has not produced any rebuttal evidence. Instead, Plaintiff argues that no expert testimony is necessary to establish simple negligence. Therefore, Plaintiff argues, summary judgment should be denied. Plaintiff compares this case to the facts in *Cipriani v. Sun Pipe Line Co.*, 393 Pa.Super. 471, 574 A.2d 706 (1990), *app. denied,* 527 Pa. 661, 593 A.2d 837 (1991). There, the Superior Court held that the lack of care exhibited by a township engineer in issuing road building permits for land over a pipeline was evident to the ordinary lay person. *Id.* at 710. Plaintiff also cites to *Burns v. City of Philadelphia,* 504 A.2d 1321 (1986) where the court held that no expert testimony was needed to show want of care when the city placed a "tree well," a six-foot square hole, in a sidewalk, into which the plaintiff fell.

■ We find that even under a simple negligence theory, Plaintiff has failed to show negligence because he has failed to show a duty. There is no evidence in the record to indicate that the prison authorities had a duty to provide Plaintiff with his medication at a certain period of time. Nor is there any evidence of record to indicate that withholding this medication for twelve hours is such a violation of the standard of care as to be a breach of duty. In *Cipriani,* for example, plaintiffs produced evidence that the town engineer was bound by a town ordinance to ensure that construction maps were accurate before he issued a building permit. 574 A.2d at 710. Likewise, in *Burns,* plaintiff produced evidence on the size, location and depth of the tree well from which the trier of fact could conclude that it was negligently designed. 504 A.2d at 1325. Here, Plaintiff has produced no evidence that there was a duty to provide Plaintiff's medication strictly at certain times or that withholding that medication was a breach of the standard of care. Upon Defendant's showing, Plaintiff had a duty to establish every element of his case. *J.F. Feeser, Inc.,* 909 F.2d at 1531 (*citing Celotex Corp.,* 477 U.S. at 323, 106 S.Ct. at 2552.) Plaintiff has not "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). Accordingly, we grant Defendant's motion for summary judgment.

---

1. Of course, the elements of a negligence case are: (1) duty, (2) breach of duty, (3) proximate cause, and (4) injury in fact. *Kirby v. Carlisle,* 178 Pa.Super. 389, 116 A.2d 220 (1955).