J-E02003-14

2015 PA Super 8

GUADALUPE REINOSO & EDMUNDO
DOMINGUEZ, H/W

         Appellants

         v.

HERITAGE WARMINSTER SPE LLC

         v.

KOHL'S DEPARTMENT STORES, INC. T/A
KOHL'S AND LOTS & US, INC.

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 3174 EDA 2012

Appeal from the Order Dated October 10, 2012
In the Court of Common Pleas of Bucks County
Civil Division at No: 2010-07483

BEFORE: FORD ELLIOTT, P.J.E., BENDER, P.J.E., BOWES, SHOGAN, ALLEN,
       OTT, WECHT, STABILE, and JENKINS, JJ.

OPINION BY STABILE, J.:               **FILED JANUARY 14, 2015**

Guadalupe Reinoso ("Reinoso") and her husband, Edmundo Dominguez (collectively "Appellants"), appeal from the October 10, 2012 order entered in the Court of Common Plea of Bucks County, granting summary judgment in favor of Appellee, Heritage Warminster SPE, LLC ("Heritage").[1] Reinoso claims the trial court erred in determining that a

_____

[1] Heritage joined Kohl's Department Stores, Inc. ("Kohl's") and Lots & Us, Inc. ("Lots & Us") as additional defendants. In granting summary judgment in favor of Heritage, the trial court ordered dismissal of Reinoso's complaint
*(Footnote Continued Next Page)*

sidewalk defect on Heritage's property was trivial as a matter of law, warranting summary judgment and dismissal of Reinoso's claim of injury resulting from Heritage's negligence. Because we find the trial court's grant of summary judgment constitutes an error of law, we reverse and remand.

On May 15, 2009, sixty-year old Reinoso and her five-year old granddaughter were walking hand-in-hand on a sidewalk at Warminster Towne Center, a/k/a Heritage Towne Center, a property owned by Heritage, when they both tripped and fell on a raised section of sidewalk.[2] Heritage leased retail stores to tenants in Warminster Towne Center, including Kohl's Department Store. Answer to Complaint, 10/8/10, at ¶ 5. Heritage admitted its responsibility for maintaining the exterior areas outside Kohl's, including the sidewalks. *Id.* at ¶ 4.

Reinoso fell as she was walking toward Kohl's at the end of a charity event sponsored by Kohl's and other stores in the shopping center. Reinoso, a Kohl's employee, but not on duty at that time, served as a volunteer for the event, which took place in a parking lot behind the Kohl's store. Although she was a Kohl's employee, Reinoso did not park or enter the store

*(Footnote Continued)* ───────────

and also dismissed as moot all claims and cross-claims involving Kohl's and Lots & Us. Trial Court Order, 7/2/14, at 2.

[2] Reinoso explained that the granddaughter was to Reinoso's right, that the granddaughter tripped first, and that Reinoso tripped when the toe of her right shoe caught the elevated part of the sidewalk, causing them to fall together. Reinoso Deposition, 11/1/11, at 33-40.

in the area where the event was held. Prior to the day she fell, Reinoso had never walked on the sidewalk in question. As a result of her fall, Reinoso sustained a broken left hand and fractured ribs. Reinoso Deposition, 11/1/11, at 20-24, 29-30.

Reinoso's expert engineer/architect inspected the site in February 2012 and took measurements of the sidewalk that revealed a height difference of 5/8 of an inch between sections of the sidewalk in the location where Reinoso fell.[3]

Heritage filed a motion for summary judgment asserting any defect in the sidewalk was, at most, trivial or *de minimus*. The trial court agreed the defect was *de minimus* and granted summary judgment. In its opinion, the trial court stated:

> As a general rule, an owner or occupier of premises must exercise reasonable care not to endanger the safety of others lawfully using abutting sidewalks. However, such owner is not an insurer of the safety of those using sidewalks in a business invitee commercial context. An owner is not liable for injuries just because someone using the sidewalk, trips, falls, and sustains an injury. As with any negligence claim against the land owner, there must be a failure of duty to maintain its premises in a reasonably safe condition, and liability will arise only where the owner created or permitted to persist, a condition that raises an unreasonably unsafe condition. ***Cline v. Statler***,

---

[3] The height differential on the right side of the sidewalk, as measured by Reinoso's expert, was 1-1/8 inches. At her deposition, Reinoso drew a circle on a photograph that was taken in the months following the incident, indicating she fell in the middle of the sidewalk, where the height differential was measured as 5/8 of an inch. Heritage's Motion for Summary Judgment, 5/18/2012, Exhibit C (Reinoso Deposition, 11/1/11, at 39-40 and Exhibit 1).

726 A.2d 1073 (Pa. Super. 1998); ***Breskin v. 535 Fifth Avenue***, [113 A.2d 316, 318 (Pa. 1955)]; ***Bullick v. Scranton***, [302 A.2d 849 (Pa. Super. 1973)]. Where the defect is so obviously trivial, its gravity should be a fact determined in light of the circumstances of the particular case.

There is no issue of material fact that the alleged defect in the sidewalk was at its highest point 1-1/8th inches on the far right side of the sidewalk and 5/8ths of an inch in the middle of the sidewalk, where [Reinoso] was walking. The landowner is not required to maintain the sidewalk to perfection, but only to the extent that unreasonably unsafe conditions are removed. The facts of this case are not in dispute and the material facts lead inexorably to the conclusion that Heritage was not negligent in permitting the subject condition to exist. There being no negligence, it would be a waste of judicial resources to allow this case to go to trial.

Trial Court Opinion ("T.C.O."), 12/17/12, at 3.[4]

_____

[4] Regarding the three cases cited by the trial court, we note that the trial court's citation to ***Cline*** suggests that this Court issued a published opinion. That is not the case. On appeal, this Court affirmed the trial court's grant of summary judgment in a non-precedential decision, as reflected in the Table at 726 A.2d 1073. In accordance with § 65.37 of the Superior Court's Internal Operating Procedures, an unpublished memorandum decision of this Court is not to be relied upon or cited by a court or a party in any proceeding, except under limited circumstances that do not exist here. Also, with respect to ***Breskin***, which we will address in more detail herein, our Supreme Court reversed the compulsory nonsuit entered in favor of the premises owner, finding that the question of liability was for the jury. Finally, ***Bullick*** was a street defect case in which the trial court granted judgment n.o.v. in favor of the City of Scranton after a jury returned a verdict in favor of the plaintiff. An *en banc* panel of this Court affirmed *per curiam*.

We note Reinoso's status as an invitee is not challenged. As defined by the Restatement (Second) of Torts § 332, "which is utilized by this Court to determine the status of a plaintiff,"

    (1) An invitee is either a public invitee or a business visitor.
*(Footnote Continued Next Page)*

Reinoso filed a timely appeal to this Court. A divided panel affirmed the trial court's grant of summary judgment. Following the grant of reargument, the case now comes before this Court *en banc*.

In this appeal, Reinoso contends the trial court erred by finding, as a matter of law, that the defect on the Heritage property was a trivial defect warranting summary judgment in favor of Heritage. Specifically, Reinoso presents the following question for our consideration:

> I. Did the Trial Court err in finding that as a matter of law that the defect on [Heritage's] property was a "trivial defect" and [Heritage was] entitled to Judgment as a Matter of Law where the undisputed facts are:
>
> (a) At the time of [Reinoso's] accident, [Heritage] owned and maintained the sidewalk where [Reinoso] fell which was on Heritage's premises located at 918 West Street Road, Warminster, PA, 18974;
>
> (b) [Heritage] undertook the duty to maintain the sidewalk at the shopping center where [Reinoso] fell;

*(Footnote Continued)* ────────────────

> (2) A public invitee is a person who is invited to enter or remain on land as a member of the public for a purpose for which the land is held open to the public.
>
> (3) A business visitor is a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land.

***Gillingham v. Consol Energy, Inc.***, 51 A.3d 841, 849-50 (Pa. Super. 2012) (quoting Restatement (Second) of Torts § 332).

(c)     [Reinoso] testified in her deposition that she tripped and fell on the sidewalk due to a height discrepancy of adjoining slabs of the sidewalk;

(d)     There was over 1 inch height differential between the sidewalk slabs at the location where [Reinoso] fell, as measured by [Reinoso's] expert architect/engineer;

(e)     Anthony Hargaden, the owner of [Lots & Us], and the maintainer of the parking lot and sidewalks of [Heritage's] property, expressed his concern to the agent of [Heritage] prior to the happening of [Reinoso's] accident, that the defective condition of the sidewalk (where [Reinoso] fell) was a tripping hazard;

(f)     [Reinoso's] architect/engineer expert expressed the opinion based on a reasonable degree of engineering, architectural, and human factors certainty that:

> "The subject sidewalk contained a defect at the incident location. Specifically, the abrupt change in level of the walkway surface that measured over 1 inch high was seriously in excess of the 1/4 inch standard for a tripping danger and constituted a walkway safety hazard. [Reinoso's] trip and fall was caused by this hazard." And

(g)     As a result of the fall [Reinoso] suffered physical injuries including but not limited to a fractured left hand.

Appellants' Brief at 4-5.

When reviewing a trial court's grant of summary judgment, our standard and scope of review are as follows:

[O]ur scope of review is plenary, and our standard of review is the same as that applied by the trial court. Our Supreme Court has stated the applicable standard of review as follows: [A]n appellate court may reverse the entry of a summary judgment only where it finds that the lower court erred in concluding that

- 6 -

the matter presented no genuine issue as to any material fact and that it is clear that the moving party was entitled to a judgment as a matter of law. In making this assessment, we view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. As our inquiry involves solely questions of law, our review is *de novo.*

Thus, our responsibility as an appellate court is to determine whether the record either establishes that the material facts are undisputed or contains insufficient evidence of facts to make out a *prima facie* cause of action, such that there is no issue to be decided by the fact-finder. If there is evidence that would allow a fact-finder to render a verdict in favor of the non-moving party, then summary judgment should be denied.

*Mull v. Ickes*, 994 A.2d 1137, 1139-40 (Pa. Super. 2010) (quoting *Jones v. Levin*, 940 A.2d 451, 453-54 (Pa. Super. 2007) (internal citations omitted)).

In its opinion, the trial court discussed a land owner's duty to a business invitee to maintain its premises in a reasonably safe condition. T.C.O., 12/17/12, at 3. Before addressing the specific issue of whether the trial court erred as a matter of law in granting summary judgment based on a "trivial defect," it is instructive to consider the duty owed by Heritage to Reinoso as a business invitee that, if breached, could support a finding of negligence.

Pennsylvania courts long have recognized that a land owner owes a duty to business invitees to keep premises safe. *See Kulka v. Nemirovsky*, 170 A. 261, 262 (Pa. 1934). "The standard of care a possessor of land owes to one who enters upon the land depends upon

whether the person entering is a trespassor, licensee, or invitee."

***Carrender v. Fitterer***, 469 A.2d 120, 123 (Pa. 1983). In ***Carrender***, our Supreme Court explained:

> Possessors of land owe a duty to protect invitees from foreseeable harm. Restatement [(Second) of Torts], §§ 341A, 343 & 343A. With respect to conditions on the land which are known to or discoverable by the possessor, the possessor is subject to liability only if he,
>
>> "(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitee, and
>>
>> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>>
>> (c) fails to exercise reasonable care to protect them against the danger."
>
> Restatement, supra, § 343. Thus, as is made clear by section 343A of the Restatement,
>
>> "[a] possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness."
>
> Restatement, supra, § 343A.

***Id.*** For a danger to be "known," it must "not only be known to exist, but . . . also be recognized that it is dangerous and the probability and gravity of the threatened harm must be appreciated." ***Id.*** at 124 (quoting Restatement (Second) of Torts, § 343A, comment b).

More recently, this Court reiterated that "[t]he duty owed to a business invitee is the highest owed to any entrant upon land. The

landowner is under an affirmative duty to protect a business visitor not only against known dangers but also against those which might be discovered with reasonable care." **Campisi v. Acme Markets, Inc.**, 915 A.2d 117, 119 (Pa. Super. 2006) (citation omitted).  Further:

> An invitee is entitled to expect that the possessor will take reasonable care to ascertain the actual condition of the premises and, having discovered it, either to make it reasonably safe by repair or to give warning of the actual condition and the risk involved therein.  Therefore an invitee is not required to be on the alert to discover defects which, if he were a mere licensee, entitled to expect nothing but notice of known defects, he might be negligent in not discovering.  This is of importance in determining whether the visitor is or is not guilty of contributory negligence in failing to discover a defect, as well as in determining whether the defect is one which the possessor should believe that his visitor would not discover, and as to which, therefore, he must use reasonable care to warn the visitor.

Restatement (Second) of Torts § 343, comment d.

Having determined the duty owed by Heritage to Reinoso as a business invitee, we turn to whether the trial court erred by granting summary judgment based on its conclusion that the sidewalk defect on Heritage's property was trivial as a matter of law.  Again, as a challenge to a grant of summary judgment, we review the record in the light most favorable to Reinoso and resolve all doubts as to the existence of a material fact against Heritage.  "If there is evidence that would allow a fact-finder to render a verdict in favor of the non-moving party, then summary judgment should be denied." **Mull**, 994 A.2d at 1139-40.

In its opinion, the trial court stated the facts of this case were not in dispute and the material facts led to the conclusion that Heritage was not negligent in permitting the alleged sidewalk defect to exist. T.C.O., 12/17/12, at 3. The only fact considered by the trial court was that "the alleged defect in the sidewalk was at its highest point 1-1/8th inches on the far right side of the sidewalk and 5/8th of an inch in the middle of the sidewalk, where [Reinoso] was walking." *Id.* Viewing the record in the light most favorable to Reinoso, we agree with the trial court's determination that there was no material fact at issue regarding the height difference between the sections of sidewalk where Reinoso fell. However, Reinoso presented additional facts that the trial court did not acknowledge in its opinion. In particular, in the opinion of Reinoso's expert, the defect in the sidewalk was "seriously in excess of the 1/4 inch standard for a tripping danger and constituted a walkway safety hazard." Heritage's Motion for Summary Judgment, 5/18/12, Exhibit E at 12; Appellant's Response to Heritage's Motion for Summary Judgment, 6/7/12, at 2. Also, "[t]he subject condition violated applicable codes and standards." Heritage's Motion for Summary Judgment, 5/18/12, Exhibit E at 12 (citing The BOCA National Building and Property Maintenance Codes, the ICC Building and Property Maintenance Codes, Title 34 – Labor and Industry of the Pennsylvania Code, the NFPA 101 Life Safety Code, NSI A117.1/ADAAG, and ASTM F 1637). In addition,

in his deposition, the owner of Lots & Us was shown a photograph of the sidewalk where Reinoso fell and the following exchanges took place:

Q. Would you believe an uneven sidewalk is a maintenance problem?

A. Sure.

* * *

Q. Looking at the photograph – I don't know if you saw that, but this was marked at Ms. Reinoso's deposition today – in looking at the circled part of the sidewalk, is that something, if you had seen that, would that cause you concern as to a tripping hazard?

*(Counsel for Lots & Us registered an objection to the form of the question. Before the question was rephrased, the witness responded.)*

A. If I saw it, I would bring it to the attention of the management company, yes.

Q. Did you ever bring that to the attention of the management company?

A. Yes.

Reinoso's Response to Motion for Summary Judgment, 6/7/12, Exhibit C at 15, 19-20.

In their briefs, Reinoso and Heritage, as well as *amicus curiae* Pennsylvania Association for Justice, cite our Supreme Court's decision in **Breskin**, as a seminal case involving sidewalk defects. In **Breskin**, the Supreme Court announced:

What constitutes a defect sufficient to render the property owner liable must be determined in the light of the circumstances of the particular case, and 'except where the defect is obviously

trivial, that question must be submitted to the jury'. *Aloia v. City of Washington*, [65 A.2d 685, 686 (Pa. 1949)]. "An elevation, depression or irregularity in a sidewalk may be so trivial that the court, as a matter as law, is bound to hold that there was no negligence in permitting it to exist' * * *. *But 'there is a shadow zone where such question must be submitted to a jury whose duty it is to take into account all the circumstances.* To hold otherwise would result in the court ultimately fixing the dividing line to the fraction of an inch, a result which is absurd". *Henn v. City of Pittsburgh*, [22 A.2d 742, 743 (Pa. 1941)]. No definite or mathematical rule can be laid down as to the depth or size of a sidewalk depression necessary to convict an owner of premises of negligence in permitting its continued existence: *Emmey v. Stanley Co. of America*, 10 A.2d 795[, 797 (Pa. Super. 1940)].

*Breskin*, 113 A.2d at 318 (emphasis added). In *Breskin*, the appellant concluded—through her own observation—that "a triangular break at the point of occurrence was the cause [of the fall]. This break was approximately four by five inches in size and was one to one and one-half inches in depth." *Id.* Reversing the compulsory nonsuit entered in favor of owner of the premises, our Supreme Court determined:

It cannot be said as a matter of law that the defect in the instant case was trivial, and the determination of liability should have been left to the jury. In addition, consideration of the crowded condition of the sidewalk at the time of the occurrence, and the facts surrounding the actions of the men coming from defendant's building, prevent a declaration as a matter of law that the wife-plaintiff was contributorily negligent. Even though the day was clear, the jury could rightfully determine that she could not see the defect in time to avoid it. She was under a duty to see where she was walking, but she can be charged only with the use of ordinary care. The question was for the jury under all the circumstances.

*Id.*[5]

Pennsylvania courts have largely avoided assigning any dividing line between trivial and non-trivial defects, whether along the railways or on streets or sidewalks, and whether on municipal or commercial properties. In *Bosack v. Pittsburgh Railways Co.*, 189 A.2d 877 (Pa. 1963), our Supreme Court considered whether loose cobblestones along railway tracks constituted a trivial defect as a matter of law. The Supreme Court stated:

> A railway company, not being an insurer, is required only to exercise reasonable care in maintaining the street areas which it has the duty of maintaining and repairing. The duty which the law imposes upon a railway in such situation is not to keep the streets or highways *completely* free of *any* defect or irregularity but *reasonably* free of such irregularity or defect as would make likely an injury to a pedestrian crossing said street or highway. To hold otherwise would impose upon a railway an impossible, impractical and unjustifiable burden: *German v. McKeesport City*, [8 A.2d 437, 441 (Pa. Super. 1939)].

*Id.* at 880 (emphasis in original).

---

[5] The great majority of cases cited in the briefs, including *Breskin*, pre-date 1978 and involved the defense of contributory negligence. While contributory negligence remains an affirmative defense in this Commonwealth, contributory negligence as a complete bar to recovery was tempered with the 1978 enactment of the Comparative Negligence Act, which provides, in pertinent part, that "[i]n all actions brought to recover damages for negligence resulting in death or injury to person or property, the fact that plaintiff may have been guilty of contributory negligence shall not bar a recovery by the plaintiff or his legal representative where such negligence was not greater than the causal negligence of the defendant or defendants against whom recovery is sought, but any damages sustained by the plaintiff shall be diminished in proportion to the amount of negligence attributed to the plaintiff." 42 Pa.C.S.A. § 7102(a).

In **Massman v. City of Philadelphia**, 241 A.2d 921 (Pa. 1968),[6] the City argued that, under **Bosack**, triviality of a defect is determined by the precise measurements of the defect in question. Our Supreme Court rejected that argument, holding that "[t]he thrust of [**Bosack**] is simply one of economic and physical practicality balanced against the need to protect against property damage and personal injury." **Id.** at 923. "The test established in **Bosack** is that a paving defect is trivial when 'it would be completely unreasonable, impractical and unjustifiable' to hold defendant liable for its existence." **Id.** (quoting **Bosack**, 189 A.2d at 881).

> In [**Bosack**], the irregularity was located five to eight feet away from the ordinary pedestrian crossing, and consisted of several cobblestones over a width of fifteen to eighteen inches which had sunk one to two inches below an adjacent railroad track. We readily agree that it would indeed be an unjustifiable burden to hold a railroad liable for all minor cases of land subsidence not squarely on a public thoroughfare.
>
> However, in the instant case, the defect was a crack, jagged and irregular and clearly discernible upon visual inspection. The crack was one-half inch deep, six inches at its widest point, and twenty-eight inches long. In addition, it is difficult to conceive of a busier thoroughfare in Philadelphia than City Hall courtyard. Shoppers, tourists, businessmen and laborers tread this walkway at all hours of the day, and it is the focal point of the daily weekday exodus from center city at evening rush hour. Under

---

[6] In **Massman**, a bench trial resulted in a verdict in favor of Massman. Massman sought a new trial on damages and the City of Philadelphia sought judgment notwithstanding the verdict. The trial court denied both motions. On appeal from denial of the motions, our Supreme Court affirmed *per curiam* on the opinion of the trial judge, the President Judge of the Court of Common Pleas of Philadelphia County.

- 14 -

these circumstances, it was for the trier of fact to determine whether or not defendant exercised reasonable care in maintaining the premises in safe condition. We cannot say as a matter of law that to require the City of Philadelphia to repair cracks of this size in the walking lanes of City Hall courtyard imposes an impractical and unjustifiable burden.

*Id.* (quoting **Bosack**, 189 A.2d at 880).

More recently, in **Mull**, this Court reversed the trial court's grant of summary judgment based on a trivial defect. The Court acknowledged:

Although property owners have a duty to maintain their sidewalks in a safe condition, property owners are not responsible for trivial defects that exist in the sidewalk. Our courts have held that an elevation, depression, or irregularity in a sidewalk or in a street or highway may be so trivial that, as a matter of law, courts are bound to hold that there was no negligence in permitting such depression or irregularity to exist. **Davis v. Potter**, [17 A.2d 338 (Pa. 1941)]; **see Bosack**[, **supra**] (no liability where plaintiff tripped on depression or irregularity outside normal pedestrian crossing); **see also Harrison v. City of Pittsburgh**, [44 A.2d 273, 274 (Pa. 1945)] (finding that property owners could not be negligent because slightly elevated manhole cover in middle of sidewalk was slight and trivial).

"No definite or mathematical rule can be laid down as to the depth or size of a sidewalk depression" to determine whether the defect is trivial as a matter of law. **Breskin**[, 113 A.2d at 318]; **Emmey**[, 10 A.2d at 797]. Thus, if the defect is not obviously trivial, the question of negligence must be submitted to a jury. **Breskin**, 113 A.2d at 318.

**Mull**, 994 A.2d at 1140.

Mull claimed she was injured when she stepped into a gap in the sidewalk outside a building owned by an insurance agency. The trial court granted summary judgment in favor of the insurance agency, finding the defect in the sidewalk was trivial. This Court reversed, concluding:

- 15 -

In this case, the defect was not so obviously trivial as a matter of law to authorize summary judgment. Mull's fall occurred on a winter afternoon, when there was snow on the sidewalk. Pictures of the sidewalk taken that day reveal that, although there was snow at some places, there was no accumulation at the exact place Mull fell. She testified that she did not fall on snow; rather, she fell when she stepped into an uneven gap on the sidewalk and her ankle twisted. Photographs of the sidewalk show that the gap measured approximately two inches, and that there was a difference in height of approximately one-and-a-half inches between the slabs of concrete that surrounded the gap. The slab of concrete at issue sloped towards Appellees' building. The gap was in the direct line of travel of one entering the building. [The insurance agency owner] acknowledged that he had noticed the gap and slope of the sidewalk prior to Mull's fall.

Viewing this evidence in the light most favorable to Appellants, they have presented sufficient evidence to establish genuine issues of material fact. In reaching this decision, we emphasize that there is no definite or mathematical rule that determines when a defect is trivial; instead, the case must be determined on the individual facts.

*Id.*

A similar result was obtained in ***Shaw v. Thomas Jefferson University***, 80 A.3d 540 (Pa. Cmwlth. 2013).[7] In ***Shaw***, the Commonwealth Court reversed the trial court's grant of summary judgment in favor of the University, finding the trial court incorrectly determined that an elevation change of two to two and one-half inches between sidewalk panels was a trivial defect. The Commonwealth Court recognized our

---

[7] "Although decisions by the Commonwealth Court are not binding on this Court, we may adopt their analysis." ***Barren v. Commonwealth***, 74 A.3d 250, 253, n.1 (Pa. Super. 2013) (citing ***Beaston v. Ebersole***, 986 A.2d 876, 881 (Pa. Super. 2009) (*en banc*)).

Supreme Court's pronouncements that "whether a sidewalk defect is trivial and whether a defendant has been negligent in permitting the sidewalk defect to exist should be submitted to the jury when there are genuine issues of material fact based on the surrounding circumstances." **Shaw**, 80 A.3d at 543 (citing **Massman**, **Breskin**, and **Henn**). The Commonwealth Court concluded:

> [A]fter review of the record and the surrounding circumstances, we conclude that the sidewalk defect is not so obviously trivial that summary judgment should have been granted to Appellees. The sidewalk is located in Center City, Philadelphia, and is heavily trafficked. Shaw also tripped on the defect in front of the University's hospital during lunchtime on a weekday, when pedestrian traffic is particularly high. These conditions present genuine issues of material fact that must be submitted to the jury in order to determine whether Appellees negligently permitted the sidewalk defect to remain. As the Supreme Court stated in **Breskin,** "[e]ven though the day was clear, the jury could rightfully determine that she could not see the defect in time to avoid it. . . . The question was for the jury under all the circumstances." [**Breskin**, ]113 A.2d at 318.

**Id.** at 544-45.

As is evident from our Supreme Court's decisions in **Massman** and **Breskin**, and from the more recent decisions issued by this Court in **Mull** and the Commonwealth Court in **Shaw**, whether a sidewalk defect is trivial is not simply a matter of the size or measurement of the defect when there are genuine issues of material fact based on the surrounding circumstances.

Here, the surrounding circumstances include not only a height differential between sidewalk panels, but also a recognized heightened duty to an individual as an invitee, expert testimony indicating that the height

differential exceeds safety standards, and testimony from the owner of the company charged with maintenance of the sidewalk that he considered the defect a tripping hazard and reported it to the land owner as such. Viewing this evidence in the light most favorable to Reinoso, we find that she has presented sufficient evidence to establish genuine issues of material fact. Therefore, we reverse the order entering summary judgment in favor of Heritage and remand for further proceedings.

Order granting summary judgment reversed and case remanded. Jurisdiction relinquished.

P.J.E. Ford Elliott, Judge Bowes, Judge Allen, Judge Wecht, and Judge Jenkins join the Opinion.

Judge Ott files a Dissenting Opinion in which P.J.E. Bender and Judge Shogan join.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/14/2015