J-S45032-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CHRISTINA ALLOWAY, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| THE FRANKLIN INSTITUTE, | : | |
| | : | |
| Appellee | : | No. 2840 EDA 2016 |

Appeal from the Order Entered August 11, 2016,
in the Court of Common Pleas of Philadelphia County,
Civil Division at No(s): 150801092

BEFORE:    GANTMAN, P.J., PANELLA, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:   **FILED SEPTEMBER 08, 2017**

Christina Alloway appeals from the August 11, 2016 order granting summary judgment in favor of The Franklin Institute.  Upon review, we reverse and remand for further proceedings.

The Franklin Institute is a science museum located in Philadelphia, Pennsylvania.  In August 2014, Alloway was a patron of the museum and "sustained an ankle injury as the result of a fall while exiting from the 'Neural Climb' attraction at the Brain Exhibit" at the museum.  Trial Court Opinion, 3/17/2017, at 2.  "As its name suggests, the 'Neural [C]limb' portion of the Brain Exhibit is an interactive climbing attraction." *Id*.  Specifically, Alloway contended that when she "climbed down off of the [B]rain [E]xhibit, she stepped down off of an abnormally large step onto an uneven surface where the padded/spongy floor meets the hard floor and was

---

*Retired Senior Judge assigned to the Superior Court.

caused to trip and fall on the uneven/unstable surface of the exhibit." Third Amended Complaint, 5/20/2016, at ¶ 7. According to Alloway, her fall was caused by the negligence of The Franklin Institute's design and maintenance of the exhibit, as well as its failure to warn patrons of the dangerous condition. *Id*. at ¶ 12.

Thus, in August 2015, Alloway filed a complaint against The Franklin Institute. After several sets of preliminary objections, the pleadings were closed, and the parties conducted discovery. On June 30, 2016, The Franklin Institute moved for summary judgment. Alloway filed a response, and on August 16, 2016, the trial court granted summary judgment in favor of The Franklin Institute and against Alloway. Alloway timely filed a notice of appeal, and both Alloway and the trial court complied with Pa.R.A.P. 1925.

On appeal, Alloway argues that the trial court erred in granting summary judgment where genuine issues of material fact exist. *See* Alloway's Brief at 5. We review such a claim mindful of the following.

> Our standard of review on an appeal from the grant of a motion for summary judgment is well-settled. A reviewing court may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion. As with all questions of law, our review is plenary.
>
> In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. Pa.R.C.P. 1035.2. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the nonmoving party bears the burden

- 2 -

of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law. Lastly, we will review the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

*Krauss v. Trane U.S. Inc.*, 104 A.3d 556, 562-63 (Pa. Super. 2014) (quoting *Shepard v. Temple University*, 948 A.2d 852, 856 (Pa. Super. 2008)).

We bear in mind the well-settled law regarding the obligations of a landowner to business invitees.[1]

> Pennsylvania courts long have recognized that a land owner owes a duty to business invitees to keep premises safe. "The standard of care a possessor of land owes to one who enters upon the land depends upon whether the person entering is a trespasser, licensee, or invitee." *Carrender v. Fitterer*, [] 469 A.2d 120, 123 ([Pa.] 1983). In *Carrender*, our Supreme Court explained:
>
>> Possessors of land owe a duty to protect invitees from foreseeable harm. Restatement [(Second) of Torts], §§ 341A, 343 & 343A. With respect to conditions on the land which are known to or discoverable by the possessor, the possessor is subject to liability only if he,
>>
>>> "(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it

---

[1] In the instant case, the parties do not dispute that Alloway was a business invitee and therefore owed the highest duty of any entrant upon land by The Franklin Institute. *See* Trial Court Opinion, 3/17/2017, at 6 ("That Alloway was a business invitee is not in dispute[.]").

- 3 -

involves an unreasonable risk of harm to such invitee, and

(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

(c) fails to exercise reasonable care to protect them against the danger."

Restatement, *supra*, § 343. Thus, as is made clear by section 343A of the Restatement,

"[a] possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness."

Restatement, *supra*, § 343A.

*Id*. For a danger to be "known," it must "not only be known to exist, but … also be recognized that it is dangerous and the probability and gravity of the threatened harm must be appreciated." *Id*. at 124 (quoting Restatement (Second) of Torts, § 343A, comment b).

More recently, this Court reiterated that "[t]he duty owed to a business invitee is the highest owed to any entrant upon land. The landowner is under an affirmative duty to protect a business visitor not only against known dangers but also against those which might be discovered with reasonable care." *Campisi v. Acme Markets, Inc.*, 915 A.2d 117, 119 (Pa. Super. 2006) (citation omitted). Further:

An invitee is entitled to expect that the possessor will take reasonable care to ascertain the actual condition of the premises and, having discovered it, either to make it reasonably safe by repair or to give warning of the actual condition and the risk involved therein. Therefore an invitee is not required to be on the alert to discover defects which,

- 4 -

if he were a mere licensee, entitled to expect nothing but notice of known defects, he might be negligent in not discovering. This is of importance in determining whether the visitor is or is not guilty of contributory negligence[2] in failing to discover a defect, as well as in determining whether the defect is one which the possessor should believe that his visitor would not discover, and as to which, therefore, he must use reasonable care to warn the visitor.

Restatement (Second) of Torts § 343, comment d.

**Reinoso v. Heritage Warminster SPE LLC**, 108 A.3d 80, 84–85 (Pa. Super. 2015) (*en banc*).

As the trial court acknowledges, whether The Franklin Institute breached this duty "hinges on whether a finder of fact could find the existence of a latent defect which was or should have been known to the premises owner." **Id**. The trial court concluded that because "Alloway fails to provide technical data regarding a hazardous slant or unevenness, the eventual fact finder's analysis must hinge on more subjective evidence and testimony." **Id**. The trial court went on to conclude that "[w]hile [Mark

---

[2] Comparative negligence is codified in 42 Pa.C.S. § 7102 and provides as follows.

In all actions brought to recover damages for negligence resulting in death or injury to person or property, the fact that the plaintiff may have been guilty of contributory negligence shall not bar a recovery by the plaintiff or his legal representative where such negligence was not greater than the causal negligence of the defendant or defendants against whom recovery is sought, but any damages sustained by the plaintiff shall be diminished in proportion to the amount of negligence attributed to the plaintiff.

**Id**. at § 7102(a).

Harmon, representative of The Franklin Institute,] was willing to concede to the existence of unlevel areas on the exhibit's floor, he stressed that the ground itself was largely uniform in evenness." *Id*. at 6-7. Thus, the trial court concluded there was no defect as a matter of law. Alloway argues that this testimony should be permitted to be weighed by a fact finder.

We review the evidence considered by the trial court, beginning with a review of Alloway's account of the fall. Alloway described the Brain Exhibit as "a dark place, very few lights, with some netting and platforms to climb through." *See* The Franklin Institute's Motion for Summary Judgment, 6/30/2016, at Exhibit D (N.T. (Deposition of Alloway), 6/6/2016, at 24). According to Alloway, she "stepped like [she] would step off of a step, because that is the distance that it looked like to [her]." *Id*. at 28. "The surface was not a hard floor like it looked to be. It's foam and it was uneven." *Id*. at 29. Alloway testified that she fell "[b]ecause the floor was uneven." *Id*. at 32.

In support of its motion for summary judgment, The Franklin Institute provided a diagram of this location and Harmon's testimony. The diagram shows that there was a 1¼ inch slant to the step from which Alloway fell. *See* Memorandum of Law in Support of The Franklin Institute's Motion for Summary Judgment, 6/30/2016, at 19 (showing a diagram of the step where there is a 1¼ inch slant to the step). Additionally, Harmon testified that there are no safety or warning signs about the Neural Climb. *See* The

- 6 -

Franklin Institute's Motion for Summary Judgment, 6/30/2016, at Exhibit E (N.T. (Deposition of Harmon), 6/6/2016, at 25). Harmon testified that "[p]retty much every place where you step down is even…. There might be a slight slant." *Id*. at 26. When Harmon was asked whether "there are some exits and entrances into the Neural Climb that … the flooring underneath would be unlevel," Harmon responded, "Yes. I'll agree to that." *Id*. at 27-28.

Based on the foregoing, we conclude that there is sufficient evidence, if believed by a fact-finder, to find a defect in the exhibit about which The Franklin Institute knew or should have known. Thus, we hold the trial court erred in granting summary judgment on this basis.[3]

We now turn to the trial court's conclusion that even if there was a defect, that defect did not present an unreasonable danger. Trial Court Opinion, 3/17/2017, at 8. The determination of whether a danger is unreasonable is generally left to the fact finder. *See e.g.*, *Zito v. Merit Outlet Stores*, 647 A.2d 573 (Pa. Super. 1994) (holding a jury should determine whether the store laid out displays and aisles in such a way that it could not rely on patrons observing an existing ramp).

---

[3] We recognize that the aforementioned slant and unevenness may appear to be trivial. However, we have held that the triviality of a defect is a question best resolved by a fact finder. *See Reinoso*, 180 A.3d at 87 ("Pennsylvania courts have largely avoided assigning any dividing line between trivial and non-trivial defects[.]").

- 7 -

The trial court concluded that the name of the exhibit itself, the Neural Climb, together with Alloway's climbing through the exhibit before her final step caused her fall, leads to the conclusion that "a reasonable patron would have been aware of the atypical nature of the exhibit and would have adjusted his or her behavior accordingly." Trial Court Opinion, 3/17/2017, at 8. Once again, we conclude that the extent of Alloway's potential comparative negligence is an issue for a fact finder. According to Alloway, the step "looked like a normal size step down" and she did not realize it was as high as it was and then when she stepped, the "floor was uneven." The Franklin Institute's Motion for Summary Judgment, 6/30/2016, at Exhibit D (N.T. (Deposition of Alloway), 6/6/2016, at 30, 32). Again, these facts, if credited by a fact-finder, could lead to the conclusion that Alloway acted reasonably. **See Jerominski v. Fowler, Dick & Walker**, 93 A.2d 433 (Pa. 1953).

Because "there is evidence that would allow a fact-finder to render a verdict in favor of the non-moving party," we hold the trial court erred by granting summary judgment in favor of The Franklin Institute. **Reinoso**, 108 A.3d at 85 (quoting **Mull v. Ickes**, 994 A.2d 1137, 1139-40 (Pa. Super. 2010)). Thus, we reverse the order of the trial court.

Order reversed. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 9/8/2017