J-A24019-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| NANCY ANN DEISSLER, ESTATE OF NANCY ANN DEISSLER, TIMOTHY DEISSLER | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | No. 912 EDA 2019 |
| | : | |
| HOLY REDEEMER HEALTH SYSTEM, CREATIVE ESSENTIALS, LINGO GROUP, INC. | : | |

Appeal from the Order Entered July 13, 2018
In the Court of Common Pleas of Montgomery County Civil Division at
No(s):  No. 2016-00472

BEFORE:   BENDER, P.J.E., DUBOW, J., and COLINS, J.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED NOVEMBER 05, 2019**

Appellants, Nancy Ann Deissler,[1] Timothy Deissler, and the Estate of

Nancy Ann Deissler, appeal from the July 13, 2018 Order entering summary

judgment in favor of Appellee, Holy Redeemer Health System in this premises

liability action.  After careful review, we affirm.

The facts and procedural history, as gleaned the record, are as follows.

In the early afternoon hours of January 10, 2014, Mrs. Deissler, her daughter,

Meghan Deissler ("Meghan"), and her sister, Donna Schwab ("Ms. Schwab"),

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Nancy Ann Deissler died on December 31, 2017, of causes unrelated to this case.  By *praecipe* filed on March 26, 2018, the court substituted Timothy Deissler, as Administrator of the Estate of Nancy Ann Deissler, as a party.

arrived at Holy Redeemer Hospital to visit Mrs. Deissler's husband, Timothy Deissler, a hospital patient. Ms. Schwab drove the women to the hospital and a light rain was falling. The women entered the hospital using a ramp that was clear of ice, snow, or any other obstructions.

Several hours later, at approximately 6:45 PM, the women left the hospital using the same ramp. At that time, freezing rain and sleet were falling, it was dark outside, and the ramp was dimly lit. Ms. Schwab and Meghan left Mrs. Deissler at the top of the ramp to retrieve the car, but returned to help her down the ramp. While Mrs. Deissler was waiting for Meghan and Ms. Schwab to return, Mrs. Deissler looked at the ground and realized that it was icy and slippery. When Meghan and Ms. Schwab returned to help Mrs. Deissler down the ramp, Meghan warned Mrs. Deissler to be careful because she had also noticed that the ramp was icy. None of the women reported the ramp's icy condition to Appellee before they attempted to descend it.

Notwithstanding the icy condition of the ramp, Mrs. Deissler, following behind Ms. Schwab and Meghan, proceeded down it for six or seven steps, holding tightly onto a handrail on her right side, before she slipped and fell. Mrs. Deissler fell backward and to the left, landing primarily on her left shoulder. Mrs. Deissler injured her shoulder, necessitating surgery. Her shoulder did not fully recover from the injury.

Mrs. Deissler did not know when during the time that she was inside the hospital that the ice had formed on the ramp, and she did not report the

presence of ice or the fact of her fall to anyone at the hospital that night. Mrs. Deissler was aware that the hospital had other entrances that she could have used, but she did not suggest to Ms. Schwab or Meghan that they use any of them.

On January 8, 2016, Appellants initiated this action by filing a *Praecipe* for Writ of Summons. On March 11, 2016, Appellants filed a "Complaint in Trespass" raising Negligence and Loss of Consortium claims. On April 5, 2016, Appellee filed an Answer and New Matter. Appellants filed a Reply to New Matter on April 20, 2016.[2]

Following the close of discovery, on April 2, 2018, Appellee filed a Motion for Summary Judgment asserting that Appellant could not prove that Holy Redeemer breached a duty to her because, as she testified at her deposition, the dangers associated with the allegedly icy exit ramp were "open and obvious" to her. Motion, at ¶¶ 23-25. **See also** N.T. Mrs. Deissler Deposition, 12/28/17, at 42, 46. Appellee also argued that Appellants could not prove

---

[2] On August 2, 2016, Appellee filed a Joinder Complaint against Creative Essentials asserting that Creative Essentials was responsible for snow and ice removal on Appellee's premises. Then, on October 6, 2016, Creative Essentials filed a Complaint against Additional Defendant Lingo Group, Inc. On January 25, 2018, all parties stipulated to the discontinuance of the claims against Lingo Group, Inc.

that Appellee had notice of the allegedly dangerous condition.[3]  N.T. Hearing, 6/19/18, at 8-9.

On May 1, 2018, Appellants filed an Answer to Appellee's Motion for Summary Judgment, alleging that the deposition testimony "clearly indicate[s] that there are factual issues in this case."  Answer, 5/1/19, at 5 (unpaginated).

The court held a hearing on Appellee's Motion.  On July 13, 2018, the trial court entered summary judgment in favor of Appellee.  The court concluded that there were no material facts in dispute and that Appellee was entitled to judgment as a matter of law, explaining its conclusions as follows:

> 1.  Ms. Deissler's own admissions establish as a matter of law that the icy condition of the ramp was "obvious" to her and was actually "discovered" by her;
>
> 2.  Further there is no evidence that the alleged dangerous condition had existed for a sufficient time to place [Appellee] in actual or constructive notice of the condition; and
>
> 3.  [] Ms. Deissler could have chosen to leave the hospital by a different exit but chose not to.

Trial Ct. Order, 7/13/18, at n1.

_____

[3] Appellee further asserted that, because the weather event that caused the allegedly slippery condition was ongoing at the time of Mrs. Deissler's fall, the "hills and ridges" doctrine also precluded Appellants' recovery.  Motion at ¶¶ 31-32. The "hills and ridges" doctrine is not relevant to this Appeal.

This timely appeal followed.[4]  Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues on appeal:

1. Did the lower court commit errors in [granting] the Motion for Summary Judgment of [Appellee] in violation of Pa.R.C.P. 1035 including ignoring depositions of important witnesses, [Appellants'] expert opinions and official weather documents supporting [Appellants'] case, reaching erroneous factual conclusions to which there was contradictory deposition testimony and not recognizing that [Appellant Mrs. Deissler] was a disabled person with brain damage with short term memory thereby depriving [Appellants] of the right of trial by jury when there are genuine issues of material fact?

2. Did the lower court commit error in not finding that [Appellee] was negligent in failing to provide [Appellant Mrs. Deissler] the highest degree of care as a business visitor using the handicap equipped ramp at Holy Redeemer Hospital on January 10, 2014?

Appellants' Brief at 4.

In both of their issues, Appellants challenge the propriety of the court's Order granting summary judgment in favor of Appellee.  Appellants argue that the court erred in focusing only on the deposition testimony provided by Mrs. Deissler and her daughter to conclude that no genuine issues of material fact existed.  Appellants' Brief at 17.  Appellants also argue that the trial court failed to "recognize the duty" owed by Appellee to Mrs. Deissler, and summarily conclude that Appellee "did not provide the high level of care

_____

[4] The July 13, 2018 Order was an interlocutory order as it did not dispose of all claims and of all parties.  Pa.R.A.P. 341.  On February 19, 2019, the trial court granted Creative Essential's Motion for Judgment on the Pleadings, thus disposing of all outstanding claims and rendering the July 13, 2018 Order final for purposes of appeal.

required by law." *Id.* at 21, 24-25. They claim that Appellee had sufficient time to inspect the condition of the ramp, but negligently failed to do so. *Id.* at 23-24. They also contend that Mrs. Deissler's testimony that she was aware of other exit ramps is of no consequence because there was no testimony presented regarding the safety of the alternate ramps. *Id.* at 21-22.

Our Supreme Court has clarified our role as the appellate court as follows:

> On appellate review [ ], an appellate court may reverse a grant of summary judgment if there has been an error of law or an abuse of discretion. But the issue as to whether there are no genuine issues as to any material fact presents a question of law, and therefore, on that question our standard of review is *de novo*. This means we need not defer to the determinations made by the lower tribunals. To the extent that this Court must resolve a question of law, we shall review the grant of summary judgment in the context of the entire record.

*Summers v. Certainteed Corp.*, 997 A.2d 1152, 1159 (Pa. 2010) (citations and quotation omitted).

A trial court may grant summary judgment "only in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Id.* (citation and quotation omitted); *see also* Pa.R.C.P. 1035.2(1). "When considering a motion for summary judgment, the trial court must take all facts of record and reasonable inferences therefrom in a light most favorable to the non-moving party." *Summers*, *supra* at 1159 (citation omitted). "In so doing, the trial court must resolve all doubts as to the existence of a genuine

issue of material fact against the moving party, and, thus, may only grant summary judgment where the right to such judgment is clear and free from all doubt." *Id.* (citation and internal quotation marks omitted).

"Pennsylvania law places the burden on the plaintiff to establish the existence of negligence on the part of the defendant by proving four elements: (1) a duty or obligation recognized by law; (2) a breach of that duty; (2) a causal connection between the conduct and the resulting injury; and (4) actual damages." ***Estate of Swift v. Northeastern Hosp. of Philadelphia***, 690 A.2d 719, 722 (Pa. Super. 1997).

The parties do not dispute that Mrs. Deissler was a business invitee on Appellee's premises. Thus, we keep in mind the well-settled law regarding the obligations of a landowner to business invitees.

"Pennsylvania courts long have recognized that a land owner owes a duty of care to business invitees to keep the premises safe." ***Reinoso v. Heritage Warminster SPE LLC***, 108 A.3d 80, 84 (Pa. Super. 2015) (*en banc*). "Possessors of land owe a duty to protect invitees from foreseeable harm." ***Id.*** at 85 (citing Restatement (Second) of Torts ("Restatement"), §§ 341A, 343, and 343A).

However, "[a] possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land **whose danger is known or obvious to** [**the invitee**], unless the possessor should anticipate the harm despite such knowledge or obviousness." Restatement § 343A (emphasis added). "For a danger to be 'known,' it must 'not only be

known to exist, but … also be recognized that it is dangerous and the probability and gravity of the threatened harm must be appreciated.'" **Carrender v. Fitterer**, 469 A.2d 120, 124 (Pa. 1983) (quoting Restatement § 343A, comment b).

In **Carrender**, our Supreme Court set aside the verdict in favor of the plaintiff who fell at an icy parking space where she could have chosen to park in an ice-free space. The Court explained:

> Possessors of land owe a duty to protect invitees from foreseeable harm. Restatement [] §§ 341A, 343 & 343A. With respect to conditions on the land which are known to or discoverable by the possessor, the possessor is subject to liability only if he,
>
> > "(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitee, and
> >
> > (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
> >
> > (c) fails to exercise reasonable care to protect them against the danger."
>
> Restatement [] § 343. Thus, as is made clear by section 343A of the Restatement,
>
> > "[a] possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness."
>
> Restatement [] § 343A.

469 A.2d at 123.

Thus, to survive Appellee's Motion for Summary Judgment, Appellant had the burden to prove that: (1) Appellee knew, or by the exercise of

reasonable care could have discovered, the allegedly icy handicap ramp and realize that it presented an unreasonable risk of harm to Mrs. Deissler; (2) Appellee should have expected that Mrs. Deissler would not discover the allegedly icy ramp, or fail to protect herself against it; and (3) Appellee failed to exercise reasonable care to protect Mrs. Deissler against the allegedly icy ramp.

The trial court explained its decision to grant summary judgment in favor of Appellee as follows:

> In the present case, Ms. Deissler's own admissions establish as a matter of law that the icy condition of the ramp was "obvious" to her and was actually "discovered" by her. Further, there is no evidence that the alleged dangerous condition had existed for a sufficient time to place Holy Redeemer on actual or constructive notice of the condition. Finally, Ms. Deissler could have chosen to leave the hospital by a different exit but chose not do so. Accordingly, under the facts of record, even when construed in the light most favorable to [Appellants, Appellee] was entitled to judgment as a matter of law.

Trial Ct. Op. at 4

Our review of the evidence confirms that Mrs. Deissler testified that she was aware of the icy condition of the ramp, both because of her own observation of it and because she was warned of its presence by her daughter and sister. Accordingly, the record clearly demonstrates that, because Mrs. Deissler admitted that she was aware that the ramp was icy, Appellants did not present a genuine issue of material fact as to whether Appellee breached its duty to Mrs. Deissler as Appellee's business invitee. Mrs. Deissler's admitted knowledge of the condition precluded Appellee's liability for her

injuries, and entitled Appellee to judgment as a matter of law in this negligence action.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/5/19