J-A07016-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DOREEN SHIPTON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| COMFORT SUITES SCRANTON | : | No. 1150 MDA 2020 |

Appeal from the Order Entered August 6, 2020
In the Court of Common Pleas of Lackawanna County Civil Division at
No(s): 2014-4960

BEFORE:   BOWES, J., DUBOW, J., and STEVENS, P.J.E.*

MEMORANDUM BY DUBOW, J.:                              **FILED JULY 23, 2021**

Appellant, Doreen Shipton, appeals from the trial court's Order granting summary judgment in favor of Appellee Hotel, Comfort Suites Scranton, on the basis that the hotel could not be liable for injuries Appellant suffered in a fall on its property. After careful review, we reverse and remand.

On May 11, 2013, Appellant suffered injuries when she slipped and fell on a wet floor as she exited a hot tub on Appellee Hotel's property. At the time of her fall, Appellant and her family were staying as guests at the hotel.

Appellant initiated litigation on September 5, 2014. On March 13, 2020, Appellee Hotel filed a Motion for Summary Judgment. The court held argument on Appellee Hotel's Motion on July 21, 2020. The court granted summary

_____

* Former Justice specially assigned to the Superior Court.

judgment in Appellee's favor on August 6, 2020, finding that the dangerous condition posed by the wet floor was "open and obvious" to Appellant.

Appellant filed a Motion for Reconsideration on September 2, 2020, which the court denied on September 9, 2020. In the interim, on September 4, 2020, Appellant timely filed a Notice of Appeal to this Court. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues on appeal:

1. Whether the [t]rial [c]ourt committed an error of law by granting Appellee[ Hotel's] Motion for Summary Judgment and concluding that the dangerous condition present on Appellee[ Hotel's] property was open and obvious.

2. Whether the [t]rial [c]ourt committed an error of law by failing to conclude that Appellee [Hotel] should have anticipated the harm to Appellant despite its open and obvious nature.

Appellant's Br. at 4. Appellants issues are interrelated and, therefore, we will address them together.

We review a trial court's grant of summary judgment for an error of law or abuse of discretion. **Summers v. Certainteed Corp.**, 997 A.2d 1152, 1159 (Pa. 2010). Our inquiry solely involves questions of law and, therefore, our review is *de novo*. **Reinoso v. Heritage Warminster SPE LLC**, 108 A.3d 80, 84 (Pa. Super. 2015).

A trial court may grant summary judgment "only in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." **Summers**, **supra** at 1159 (citation and quotation omitted); **see also**

Pa.R.C.P. 1035.2(1). "When considering a motion for summary judgment, the trial court must take all facts of record and reasonable inferences therefrom in a light most favorable to the non-moving party." **Summers**, **supra** at 1159 (citation omitted). "If there is evidence that would allow a fact-finder to render a verdict in favor of the non-moving party, then summary judgment should be denied." **Reinoso**, **supra** at 85 (citation omitted).

Restatement (Second) of Torts § 343A governs Appellant's issues. It holds that "[a] possessor of land is not liable to [its] invitees[1] for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness." Restatement (Second) of Torts § 343A. Relevant to the instant appeal, comment f to Section 343A explains that "[t]here are[] cases in which the possessor of land can and should anticipate that the dangerous condition will cause physical harm to the invitee notwithstanding its known or obvious danger. In such cases the possessor is not relieved of the duty of reasonable care which he owes to the invitee for his protection." **Id.** at cmt. f.

In the instant case, soon after arriving at the hotel, Appellant and her family went to the hotel's pool room, which included the hot tub. Trial Ct. Op., at 1. Once at the pool room, and before getting into the hot tub, Appellant noticed the wet floor around the hot tub. N.T. Deposition of Doreen Shipton,

---

[1] The parties agree that Appellant was an invitee on Appellee Hotel's property at the time of the incident.

- 3 -

11/7/17, at 44-45 ("Shipton Deposition"). She explained that "[i]t wasn't a pool of water, but you could tell it was damp . . . you could tell the floor was wet." *Id.* A warning sign, hung on the wall by the hot tub, stated: "CAUTION Floors are Slippery When Wet." *Id.* at 55. The sign was "[i]n close proximity to the swimming pool/hot tub[.]" Trial Ct. Op., at 3.

From this evidence, the trial court determined that the wet floor around the hot tub was obvious to Appellant and, therefore, Appellee Hotel could not be liable for Appellant's injuries. *Id.* at 6-7. The trial court failed to consider whether the following evidence, proving Appellee Hotel's actual knowledge of the danger condition around the hot tub, was sufficient to impose liability under Section 343A.

Appellant testified at deposition that, several days after she fell, she spoke to a hotel manager, who told her "that they've had other people that have fell [*sic*] at that hotel before and that they tried doing something to the floor [around the hot tub], treating it." Shipton Deposition, at 59. She further explained that the manager "said that they had had problems in the past with people, you know, with the floor, falling, and they've tried to rectify this matter by treating the floor." *Id.* at 61. Appellant explained that the floor was made of ceramic tile. *Id.* at 62.

Appellee Hotel's insurance claim file, which it produced in discovery, is consistent with Appellant's recollection of her conversation with the hotel manager. The file includes several claims notes demonstrating that another patron had fallen near the same hot tub six months earlier. Three particular

notes related that "there is a similar claim where a guest is getting out of the hot tub and slips and fall[s]. [Date of loss]: 11-30-12[,]" "the area of the hot tub . . . is the same as it was back in November when another guest had fallen almost in the exact same area[,]" and "a similar claim [occurred] in Nov 2012. According to the insured the area of both accident[s] is the same and nothing changed[.]" Claim File Notes, dated 5/24/13, 6/25/13, and 6/28/13.

Viewed in the light most favorable to Appellant, a jury could reasonably conclude from the above evidence that Appellee Hotel had actual knowledge of the issue and, therefore, it should have anticipated that it would cause harm to Appellant. Thus, a question of fact exists regarding Appellee Hotel's potential duty to Appellant under Section 343A. As a result, the trial court erred by granting summary judgment in Appellee Hotel's favor.

Order reversed. Case remanded. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/23/2021